Horace W. Green (SBN 115699)
C. Mark Humbert (SBN 111093)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433
Facsimile:  (415) 837-0127

Attorneys for Defendants
RELIANCE STANDARD LIFE INSURANCE CO.
and MICHAEL S. BOWLES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SARA G. MAURER,                              )
                                             )  Case No. 4:08-cv-04109 MMC
            Plaintiff,                       )
                                             )  **ANSWER TO COMPLAINT**
        v.                                   )
                                             )
RELIANCE STANDARD LIFE                       )
INSURANCE COMPANY; MICHAEL S.                )
BOWLES; and DOES 1 through 20,               )
                                             )
            Defendants.                      )
_____        )

    Defendants Reliance Standard Life Insurance Company ("Reliance Standard")

and Michael S. Bowles ("Bowles"), answering for themselves and for no other

defendant, hereby answer Plaintiff's Complaint for Damages as follows:

### ANSWER TO JURISDICTIONAL ALLEGATIONS

    1.    Answering paragraph one, Defendants admit that Reliance Standard Life

Insurance Company is, and at all times material hereto was, a corporation duly

organized and existing under and pursuant to the laws of the State of Illinois, with its

principal place of business in Pennsylvania.  Defendants further admit that Reliance

Standard is authorized to do business in California.

//

2.      Answering paragraph two, Defendants admit that Bowles is a resident of the State of California.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

3.      Answering paragraph three, Defendants admit that Bowles is a resident of the County of Marin, in the State of California.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

4.      Answering paragraph four, Defendants lack information and belief sufficient to respond to these allegations and, on that basis, deny the allegations contained in said paragraph.

5.      Answering paragraph five, Defendants admit that at all times relevant hereto, Bowles was an employee of Reliance Standard.   Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

6.      Answering paragraph six, Defendants lack information and belief sufficient to respond to these allegations and, on that basis, deny the allegations contained in said paragraph.

7.      Answering paragraph seven, Defendants lack information and belief sufficient to respond to these allegations and, on that basis, deny the allegations contained in said paragraph.

8.      Answering paragraph eight, Defendants lack information and belief sufficient to respond to these allegations and, on that basis, deny the allegations contained in said paragraph.

9.      Answering paragraph nine, Defendants deny each and every allegation contained in said paragraph.

10.      Answering paragraph ten, Defendants admit that effective August 1, 1986, Reliance Standard issued Group Long Term Disability Insurance Policy LSC 97,200 ("the Policy") to Policyholder The RSL Group and Blanket Insurance Trust ("the Trust"). Defendants further admit that, effective December 15, 1996, the Law Offices of Sara G.

Maurer became a Participating Unit (number LSC 000597) in the Trust, and as such, the Policy insured the employee long term disability benefit plan of the Law Offices of Sara G. Maurer ("the Plan").  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

11.    Answering paragraph eleven, Defendants deny each and every allegation contained in said paragraph.

12.    Answering paragraph twelve, Defendants admit that the Policy was in force and effect from August 1, 1986 through all relevant periods.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

13.    Answering paragraph thirteen, Defendants admit that Plaintiff submitted a claim for Plan benefits to Reliance Standard.  Defendants aver that Plaintiff is not entitled to Policy or Plan benefits for any period subsequent to February 2007.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

14.    Answering paragraph fourteen, Defendants admit that Reliance Standard provided Plan benefits to Plaintiff for the period of approximately December 2002 through February 2007.  Defendants aver that Plaintiff is not entitled to Policy or Plan benefits for any period subsequent to February 2007.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

15.    Answering paragraph fifteen, Defendants deny each and every allegation contained in said paragraph.

16.    Answering paragraph sixteen, Defendants deny each and every allegation contained in said paragraph.

17.    Answering paragraph seventeen, Defendants deny each and every allegation contained in said paragraph.

//

18.    Answering paragraph eighteen, Defendants deny each and every allegation contained in said paragraph.

### ANSWER TO FIRST CAUSE OF ACTION

19.    Answering paragraph nineteen, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20.    Answering paragraph twenty, Defendants admit that effective August 1, 1986, Reliance Standard issued Group Long Term Disability Insurance Policy LSC 97,200 ("the Policy") to Policyholder The RSL Group and Blanket Insurance Trust ("the Trust").  Defendants further admit that, effective December 15, 1996, the Law Offices of Sara G. Maurer became a Participating Unit (number LSC 000597) in the Trust, and as such, the Policy insured the employee long term disability benefit plan of the Law Offices of Sara G. Maurer ("the Plan").  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

21.    Answering paragraph twenty-one, Defendants deny each and every allegation contained in said paragraph.

22.    Answering paragraph twenty-two, Defendants deny each and every allegation contained in said paragraph.

23.    Answering paragraph twenty-three, Defendants deny each and every allegation contained in said paragraph.

24.    Answering paragraph twenty-four,  Defendants deny each and every allegation contained in said paragraph.

25.    Answering paragraph twenty-five, Defendants deny each and every allegation contained in said paragraph.

### ANSWER TO SECOND CAUSE OF ACTION

26.    Answering paragraph twenty-six, Defendants reallege and incorporate by reference their responses to paragraphs one through twenty-five, inclusive, as though fully set forth herein.

27.    Answering paragraph twenty-seven, Defendants deny each and every allegation contained in said paragraph.

28.    Answering paragraph twenty-eight, Defendants deny each and every allegation contained in said paragraph.

29.    Answering paragraph twenty-nine, Defendants deny each and every allegation contained in said paragraph.

30.    Answering paragraph thirty, Defendants deny each and every allegation contained in said paragraph.

31.    Answering paragraph thirty-one, Defendants deny each and every allegation contained in said paragraph.

32.    Answering paragraph thirty-two, Defendants deny each and every allegation contained in said paragraph.

### ANSWER TO THIRD CAUSE OF ACTION

33.    Answering paragraph thirty-three, Defendants reallege and incorporate by reference their responses to paragraphs one through thirty-two, inclusive, as though fully set forth herein.

34.    Answering paragraph thirty-four, Defendants deny each and every allegation contained in said paragraph.

35.    Answering paragraph thirty-five, Defendants deny each and every allegation contained in said paragraph.

36.    Answering paragraph thirty-six, Defendants deny each and every allegation contained in said paragraph.

### ANSWER TO FOURTH CAUSE OF ACTION

37.    Answering paragraph thirty-seven, Defendants reallege and incorporate by reference their responses to paragraphs one through thirty-six, inclusive, as though fully set forth herein.

38.    Answering paragraph thirty-eight, Defendants deny each and every allegation contained in said paragraph.

39.     Answering paragraph thirty-nine, Defendants deny each and every allegation contained in said paragraph.

40.     Answering paragraph forty, Defendants deny each and every allegation contained in said paragraph.

41.     Answering paragraph forty-one, Defendants deny each and every allegation contained in said paragraph.

42.     Answering paragraph forty-two, Defendants deny each and every allegation contained in said paragraph.

**ANSWER TO FIFTH CAUSE OF ACTION**

43.     Answering paragraph forty-three, Defendants reallege and incorporate by reference their responses to paragraphs one through forty-two, inclusive, as though fully set forth herein.

44.     Answering paragraph forty-four, Defendants deny each and every allegation contained in said paragraph.

45.     Answering paragraph forty-five, Defendants deny each and every allegation contained in said paragraph.

46.     Answering paragraph forty-six, Defendants admit that Plaintiff is not entitled to additional Policy and/or Plan benefits for any period subsequent to February 2007.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

47.     Answering paragraph forty-seven, Defendants deny each and every allegation contained in said paragraph.

48.     Answering paragraph forty-eight, Defendants deny each and every allegation contained in said paragraph.

49.     Answering paragraph forty-nine, Defendants deny each and every allegation contained in said paragraph.

//

//

**ANSWER TO SIXTH CAUSE OF ACTION**

50.    Answering paragraph fifty, Defendants reallege and incorporate by reference their responses to paragraphs one through forty-nine, inclusive, as though fully set forth herein.

51.    Answering paragraph fifty-one, Defendants deny each and every allegation contained in said paragraph.

52.    Answering paragraph fifty-two, Defendants deny each and every allegation contained in said paragraph.

53.    Answering paragraph fifty-three, Defendants deny each and every allegation contained in said paragraph.

**ANSWER TO SEVENTH CAUSE OF ACTION**

54.    Answering paragraph fifty-four, Defendants reallege and incorporate by reference their responses to paragraphs one through fifty-three, inclusive, as though fully set forth herein.

55.    Answering paragraph fifty-five, Defendants deny each and every allegation contained in said paragraph.

56.    Answering paragraph fifty-six, Defendants deny each and every allegation contained in said paragraph.

57.    Answering paragraph fifty-seven, Defendants deny each and every allegation contained in said paragraph.

58.    Answering paragraph fifty-eight, Defendants deny each and every allegation contained in said paragraph.

59.    Answering paragraph fifty-nine, Defendants deny each and every allegation contained in said paragraph.

60.    Answering paragraph sixty, Defendants deny each and every allegation contained in said paragraph.

61.    Answering Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to the relief sought, or any relief at all.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

62.    Plaintiff's Complaint and each purported cause of action contained therein fail to set forth facts upon which relief may be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

63.    Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendants, but rather was caused by circumstances, persons, and/or entities for which and/or for whom Defendants are not and may not be held responsible, including Plaintiff, and for which Defendants cannot be held liable.

**THIRD AFFIRMATIVE DEFENSE**

64.    Each and every action or statement made by Defendants was a good faith assertion of Defendants' rights and, therefore, was privileged and justified.

**FOURTH AFFIRMATIVE DEFENSE**

65.    The actions alleged in the Complaint, if and to the extent that they took place, were taken in good faith and were a lawful exercise of sound discretion and Defendants' legal rights, and were based on a rational and reasonable consideration of the facts.

**FIFTH AFFIRMATIVE DEFENSE**

66.    Defendants are informed and believe, and based thereon allege, that if Plaintiff sustained any injury, damage, or loss, by reason of any act, error or omission of any Defendant (which Defendants deny), said injury, damage, or loss, if any, must be reduced on the basis of the comparative negligence of Plaintiff, which contributed to and proximately caused any such injury, damage, or loss, incurred by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

67.    Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by any Defendant, but rather was caused by the actions of third parties for whom Defendants may not be held responsible and/or liable.

**SEVENTH AFFIRMATIVE DEFENSE**

68.    Plaintiff had a duty to read the Policy, and may not justifiably rely on any alleged statement that contravenes the express language in the Policy.  Therefore, Plaintiff is barred from obtaining the relief she seeks by way of the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

69.    Plaintiff had a duty to read the Policy, and may not now complain that it was not what she expected.  Therefore, Plaintiff is barred from obtaining the recovery she seeks by way of the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

70.    All of the claims Plaintiff makes under the Policy are barred and precluded by the provisions, terms, conditions, exclusions, endorsements, and limitations under the Policy.

**TENTH AFFIRMATIVE DEFENSE**

71.    Plaintiff is not "Totally Disabled" as the Policy defines that term. Therefore, Plaintiff is not entitled to further disability benefits.

**ELEVENTH AFFIRMATIVE DEFENSE**

72.    Actions such as this, seeking the imposition of extracontractual damages in insurance cases, violate the rights of Defendants guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 of the California Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

73.    Plaintiff has failed to perform all conditions precedent to entitlement of further benefits under the contract at issue.  Therefore, Plaintiff is not entitled to the relief sought in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

74.    If in fact Plaintiff is disabled, such disability did not arise while Plaintiff was covered by the Policy.

//

**FOURTEENTH AFFIRMATIVE DEFENSE**

75.    Plaintiff's claim for extracontractual damages is barred by Plaintiff's failure to communicate reasonably and in good faith with Reliance Standard with respect to Plaintiff's medical condition.

**FIFTEENTH AFFIRMATIVE DEFENSE**

76.    Plaintiff's claim for extracontractual damages is barred by the equitable doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

77.    Plaintiff's claim for extracontractual damages is barred by the equitable doctrine of estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

78.    Plaintiff's Complaint, and every cause of action alleged therein, are governed by and preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"); therefore, Plaintiff is not entitled to any remedy not provided under ERISA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

79.    The Policy defines "disability" as follows:

"'Totally Disabled' and 'Total Disability' mean, that as a result of an Injury or Sickness:

(1)  during the Elimination Period, an Insured cannot perform each and every material duty of his/her regular occupation; and

(2)  for the first 36 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her regular occupation;

.    .    .    .    .

(3)  after a Monthly Benefit has been paid for 36 months, an Insured cannot perform each and every material duty of any occupation.  Any occupation is one that the Insured's education, training or experience will reasonably allow."

Plaintiff is not "disabled" as the Policy defines that term.  Therefore, Plaintiff is not entitled to additional Plan benefits under 29 U.S.C. §§ 1132, *et seq.* or under any

1  other provision of ERISA.

2  ### NINETEENTH AFFIRMATIVE DEFENSE

3      80.    The Policy contains the following provision:

4      "**MENTAL OR NERVOUS DISORDER, DRUG OR ALCOHOL ADDICTION:**

5      Monthly Benefits for Total Disability caused by or contributed to by mental or

6      nervous disorders or drug or alcohol addiction will not be payable beyond an

7      aggregate lifetime maximum duration of twenty-four (24) months unless the

8      Insured is in a Hospital or Institution at the end of the twenty-four (24) month

9      period. "

10      To the extent that Plaintiff's claim is based on a mental or nervous disorder,

11  Plaintiff not entitled to additional Plan benefits.

12  ### TWENTIETH AFFIRMATIVE DEFENSE

13      81.    The Policy provides that any payment of Plan benefits shall be reduced by

14  "Other Income Benefits," as defined in the Policy.  Therefore, to the extent that Plaintiff

15  may demonstrate any entitlement to additional Plan benefits, such benefits must be

16  reduced by the amount of any other income benefits that Plaintiff received.

17  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

18      82.    The Policy contains the following provision:

19      "Reliance Standard Life Insurance Company shall serve as the claims review

20      fiduciary with respect to the insurance policy and the Plan.  The claims review

21      fiduciary has the discretionary authority to interpret the Plan and the insurance

22      policy and to determine eligibility for benefits.  Decisions by the claims review

23      fiduciary shall be complete, final and binding on all parties."

24      The decision regarding Plaintiff's eligibility for additional disability benefits was

25  based on substantial evidence and was reasonable given the information available to

26  Reliance Standard, and as such did not constitute an abuse of the discretionary

27  authority granted to Reliance Standard under the Policy.  Therefore, Plaintiff is not

28  entitled to recovery of additional Plan benefits.

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2  83.   Under ERISA, Plaintiff is bound by the terms of the Plan documents, and

3  may not now complain that it was not what she expected.  Therefore, Plaintiff is barred

4  from obtaining the recovery she seeks by way of the Complaint.

5

## TWENTY-THIRD AFFIRMATIVE DEFENSE

6  84.   Under ERISA, Plaintiff is bound by the terms of the Plan documents, and

7  may not justifiably rely on any alleged statement which contravenes the express

8  language in the Plan documents.  Therefore, Plaintiff is barred from obtaining the relief

9  she seeks by way of the Complaint.

10

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

11  85.   Defendants allege that they may have additional defenses available to

12  them that cannot now be determined due to Plaintiff's failure to set forth her claims with

13  sufficient particularity, and the disclosure of additional facts.  Defendants, therefore,

14  reserve their right to amend and/or supplement this Answer with additional affirmative

15  defenses.

16  WHEREFORE, Defendants pray for the following relief:

17  1.   That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff

18  take nothing thereby;

19  2.   That judgment be entered in favor of Defendants and against Plaintiff;

20  3.   That Defendants be awarded their costs of suit and attorney's fees; and

21  4.   For such other and further relief as the Court may deem just and proper.

22  DATED:  September 3, 2008              GREEN & HUMBERT

23

24                                        By:  **/s/ Horace W. Green**
                                               Horace W. Green

25                                        Attorneys for Defendants
                                          RELIANCE STANDARD LIFE
26                                        INSURANCE CO. and MICHAEL S.
                                          BOWLES
27

28